In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-07-00890-CR

____________


COURTNEY BARNARD CALDWELL, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 351st District Court

Harris County, Texas

Trial Court Cause No. 1104136





MEMORANDUM OPINION



 A jury found appellant, Courtney Barnard Caldwell, guilty of aggravated
robbery and assessed punishment at 46 years in prison. See Tex. Pen. Code Ann.
§ 29.02(2) (Vernon 2003). In a single point of error, appellant contends that the
trial court erred by denying his motion to suppress and thereby permitting the
complaining witness to identify appellant at trial because the photo array in which
the witness identified appellant before trial was impermissibly suggestive. We
affirm. 

Background


 Lawrence Stephens was the victim of a car-jacking by two black males on
February 7, 2007. Just before dark, as Stephens drove his car, a black Lexus with
luxury rims, into an apartment complex, a tall, dark man with braids approached
Stephens's vehicle and asked for a cigarette lighter. After reaching to retrieve his
car lighter, Stephens turned to face a long, black revolver about six inches from his
face. The gunman took Stephens's cell phone and demanded his car keys. 
Stephens recognized the gunman from a tattoo parlor, but said nothing, got out of
the car, and surrendered the keys. 

 As Stephens was handing over his car keys, appellant came up behind
Stephens. Appellant had pulled his jacket up, but was only six feet behind
Stephens. Stephens saw appellant's face, however, though only briefly, and stated
at trial that he recognized appellant from a club they had both frequented. 
Appellant demanded money and the key to unlock the tire rims on Stephens's car,
and the gunman told Stephens to lie on the ground, face down. When the car
would not start, because Stephens had installed a kill switch, the gunman forced
Stephens to start the car. The gunman then drove away in Stephens's car, and
appellant went to another vehicle and left the scene. Stephens contacted police and
described the assailants.

 Police recovered Stephens's car the next day. It had been stripped and
abandoned, but police recovered appellant's fingerprint from the outside of
Stephens's car, and an officer constructed a photo array that contained appellant's
photo. Stephens identified appellant from the array on February 12, 2007, five
days after the robbery. Stephens signed the array, on which he circled the photo of
appellant. Appellant was arrested on February 16, 2007, when a vehicle in which
he was a passenger was stopped for a traffic offense . 

Identification of Appellant


 In his sole point of error, appellant contends that the trial court erred by
denying appellant's pretrial motion to suppress Stephens's identifying him before
trial from the photo array and thus permitting Stephens to identify appellant at trial
because the photo array was impermissibly suggestive, had tainted Stephens's
pretrial identification of appellant, and had substantially increased the likelihood
that Stephens would misidentify appellant at trial.

A. Standard of Review

 A defendant who contends that an in-court identification is inadmissible
must prove by clear and convincing evidence that the in-court identification is
unreliable. Delk v. State, 855 S.W.2d 700, 706 (Tex. Crim. App. 1993). We apply
a two-step analysis on appeal. Id. We first determine whether the pretrial photo
display was impermissibly suggestive. Id. If we conclude that the pretrial photo
display was impermissibly suggestive, we then determine whether it gave rise to a
very substantial likelihood of irreparable misidentification, id., based on the factors
established in Neil v. Biggers, 409 U.S. 188, 199-200, 93 S. Ct. 375, 382 (1972). 
See Ibarra v. State, 11 S.W.3d 189, 196 (Tex. Crim. App. 1999) (applying Biggers
factors). We will uphold the trial court's decision to admit the identification unless
the trial court clearly abused its discretion. Allridge v. State, 850 S.W.2d 471, 492
(Tex. Crim. App. 1991). 

B. Whether the Pretrial Photo Display was Impermissibly Suggestive

 Appellant contends that the pretrial photo display shown to Stephens was
impermissibly suggestive because only the photo of him, among those in the
display, showed an individual with a facial tattoo, specifically, a tear-shaped tattoo
beneath the right eye. 

 It is undisputed that appellant appeared at trial with a tear-shaped tattoo
beneath his right eye, but the record does not support appellant's contention that
the photo display shown to Stephens contained a photo of appellant with the tattoo.
State's Exhibit 17 confirms that photo display from which Stephens identified
appellant before trial did not include a photo of appellant with any type of facial
tattoo. (1) 

 In addition, the record establishes that the photo used in the array presented
to Stephens had been taken in November 2006, more than a year before the
aggravated robbery took place. The record further supports that appellant obtained
the tattoo after the aggravated robbery of Stephens. The police officer who
presented the photo array to Stephens on February 12, 2007 also interviewed
appellant shortly after he was arrested on February 16, 2007. As the officer
explained under cross-examination during the pretrial hearing on appellant's
motion to suppress, appellant's appearance during the interview differed from his
appearance in the earlier photo used in the array because appellant had a tattoo that
appeared "fresh . . . that day" and appeared to be "still wet, real dark." The officer
was able to make that determination based on his personal experience, having
obtained a tattoo himself. 

 We note further that there is no evidence of any conduct by a police officer
during the photo array presented to Stephens that was impermissibly suggestive. 
See Ibarra, 11 S.W.3d at 196. The officer did not suggest that the array contained
a photo of the suspect and did not tell Stephens that he had to choose someone
from the display. Indeed, the page of instructions that accompanied the photo
array Stephens signed indicated the importance of clearing innocent individuals. 
Likewise, nothing in the display distinguished appellant in any appreciable respect. 
See Barley v. State, 906 S.W.2d 27, 33 (Tex. Crim. App. 1995). There was only
one array of photos shown to Stephens, and the individuals in the array had the
same skin tone, haircut, and facial features. 

 For these reasons, we hold that the photo array presented to Stephens, from
which he identified appellant before trial, was not impermissibly suggestive. 
Accordingly, we need not assess whether there was any likelihood that Stephens's
pretrial identification of appellant tainted Stephens's trial testimony identifying
appellant. 

 We overrule appellant's sole point of error. 

Conclusion


 We affirm the judgment of the trial court. 




 Sherry Radack


 Chief Justice


Panel consists of Chief Justice Radack and Justices Nuchia and Higley. 


Do not publish. Tex. R. App. P. 47.2(b).


1. The record contains a photo array that depicts appellant with a tattoo, but that array
had been shown to a different witness, who did not testify until the punishment stage
of the trial.